999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David K. BARRETT, Plaintiff-Appellant,
v.
Daryl F. GATES, Chief of Police, Respondent-Appellee.
 No. 92-56613.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993*.
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David K. Barrett appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against Los Angeles police officers following his arrest. Barrett sought injunctive relief to seal and destroy his arrest record. The district court found that it lacked jurisdiction over Barrett's action because the relief Barrett sought would require review of a state court judgment denying his petition to seal and destroy his arrest record. We have jurisdiction to review the district court's dismissal under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The existence of subject-matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 "The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings. 28 U.S.C. § 1257 provides that the proper court in which to obtain such review is the United States Supreme Court." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)). This jurisdictional bar applies even if the challenge to the state court judgment is brought as a section 1983 civil rights action involving federal constitutional issues. McNair, 805 F.2d at 891.
 
 
 5
 Barrett was arrested on April 23, 1988 allegedly for resisting, delaying and/or obstructing a peace officer in the performance of his duties in violation of Cal.Penal Code § 148. No criminal charges were filed against Barrett pursuant to this arrest. On July 27, 1988, Barrett petitioned the Los Angeles Police Department to seal and destroy his arrest record pursuant to Cal.Penal Code § 851.8(a). The petition was denied.
 
 
 6
 On April 13, 1990, Barrett petitioned the Los Angeles Municipal Court also to seal and destroy his arrest record pursuant to Cal.Penal Code § 851.8(b). Under section 851.8(b), an individual who is arrested but not formally charged with a crime may petition the municipal court for a determination of whether he or she is factually innocent of the charges upon which the arrest is based and request that the arrest record be sealed and destroyed. The municipal court found that Barrett was not factually innocent of the charges and denied his petition. The Los Angeles Superior Court affirmed the municipal court's finding.
 
 
 7
 In the present action, Barrett claims that his arrest violated his constitutional rights and seeks an order requiring defendants to destroy his arrest record and apologize for his arrest and incarceration. Such an order would require review of the state court judgment denying Barrett's request that his arrest record be sealed and destroyed because he was not factually innocent of the charges for which he was arrested. Despite Barrett's labelling of his claims as a federal civil rights action, the claims are "inextricably intertwined" with the claims Barrett asserted in the state proceedings, thus precluding federal jurisdiction over the action. See Feldman, 460 U.S. at 482 n. 16; McNair, 805 F.2d at 891. The district court did not err by dismissing Barrett's action for lack of jurisdiction.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that the district court lacked jurisdiction over Barrett's action, we need not address the court's dismissal of the action on the alternative ground of collateral estoppel